## Morgan *v.* Logan and Sons Company, Appellant.

*Sales—Agency—Sales to agent—Payment—Authority of agent to receive payment—Case for jury.*     ·

In an action of assumpsit to recover the price of a carload of lumber, sold and delivered to the defendant, the defense advanced was that the defendant denied having bought the lumber from the plaintiff, and averred it had purchased it from a third party and paid for it in full. The plaintiff produced testimony that the third party was merely his agent to sell, without authority to collect, and that the previous dealings between the parties, as well as the manner in which the lumber was shipped and the bill of lading made out, were sufficient to put the defendant on notice of this fact. Under such circumstances, an issue of fact was raised which had to be submitted to the jury, and a request for binding instructions in favor of the defendant was properly refused.

Argued April 28, 1921. Appeal, No. 48, April T., 1921, by defendant, from order of C. P. Allegheny County, July T., 1920, No. 1984, refusing to allow an appeal from the county court in the case of George P. Morgan, Trading as George P. Morgan Lumber Company, v. J. W. Logan & Sons Company, a Corporation. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Petition to allow an appeal from county court. Before CARPENTER, J.

The court dismissed the petition in the following opinion.

A careful examination of the record has not resulted in the discovery of any error which makes it our duty to allow an appeal. The broker, W. A. Richter, was not the consignor nor was he the consignee. The lumber was shipped by plaintiff, who was both consignor and consignee. This was notice to the purchaser that the broker was not the owner. Moreover, defendant knew he was a dealer. Payment was not made to him as agent of the

seller.    This is not the defense pleaded.    The facts admitted, or not denied, leave no room for doubt as to plaintiff's right to recovery.

### ORDER.

Appeal refused and petition dismissed.
Defendant appealed.

*Error assigned* was the order of the court.

*Benjamin H. Thompson,* for appellant.

*W. D. N. Rogers,* of *Richardson & Rogers,* for appellees.

Opinion by Keller, J., July 14, 1921:

Plaintiff brought an action in assumpsit in the County Court of Allegheny County to recover for a car of lumber sold and delivered defendant.    Defendant denied having bought the lumber from the plaintiff and averred that it had purchased it from one Richter and paid him for it in full.

The plaintiff produced testimony that Richter was merely his agent to sell without authority to collect and that the previous dealings between the parties as well as the manner in which the lumber was shipped and the bill of lading made out were sufficient to put the defendant on notice of this fact.

This raised an issue of fact which was for the jury. Hence the defendant's points calling for binding instructions in its favor had to be refused.

As the motion for the allowance of an appeal was based upon the refusal of these points the court of common pleas committed no error in refusing to allow the appeal.

The order is affirmed.